UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 10-09-GWU


MARY BETH FLEMING BEGHTOL,                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.


## INTRODUCTION

Mary Beth Fleming Beghtol brought this action to obtain judicial review of an

unfavorable administrative decision on her applications for Disability Insurance

Benefits (DIB)  and for  Supplemental Security Income (SSI).  The case is before

the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole

and must take into account whatever in the record fairly detracts from its weight.

Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Beghtol, a 36-year-old former cashier, stocker, custodian, dietary aide, courier, retail sales clerk, sandwich maker, nurse's aide and housekeeper with a high school education, suffered from impairments related to morbid obesity and degenerative disc disease of the lumbar spine with chronic back pain.  (Tr. 18, 23).  Gastroesophageal reflux disease, hypertension, diabetes mellitus, hypercholesterolemia, sinus tachycardia, anxiety, and sleep apnea were found to be non-severe impairments.  (Tr. 18).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 22-23).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 24-25).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of Social Security benefits.

Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Sally Moore included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) a need for a sit/stand option with no prolonged standing in excess of 30 minutes without interruption; (2) an inability to more than frequently push/pull or use foot controls of the lower extremities; (3) an inability to more than occasionally climb stairs or ramps; (4) an inability to ever crawl and climb ladders or ropes; (5) an inability to more than occasionally balance, stoop, kneel, and crouch; (6) a need to avoid exposure to full body vibration, unprotected heights and dangerous machinery; and (7) a need to avoid concentrated exposure to extreme heat or humidity.  (Tr. 363-364).  In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 364).  The ALJ relied upon this information to support the administrative decision.  (Tr. 24).

Dr. Finley Hendrickson, Beghtol's treating physician, identified far more severe physical impairments on a March, 2006 assessment form, including an inability to lift or carry more than 10 pounds, an inability to sit for more than four hours a day in intervals of 30 minutes, an inability to stand for more than a total of

two hours a day in intervals of 30 minutes, the need to shift position from sitting to standing periodically, the need to elevate a leg at least 18 inches off the floor during periods of prolonged sitting, a "limited" ability to perform repetitive reaching, and an inability to ever stoop or crouch. (Tr. 255-257). In a July of 2005 letter, Dr. Hendrickson opined that the plaintiff's combination of arthritis, weight and back pain made her unable to work. (Tr. 273). The ALJ rejected the doctor's opinion and the claimant asserts that this action was erroneous. (Tr. 23).

With regard to Dr. Hendrickson's July, 2005 statement that Beghtol was disabled by her impairments, the federal regulations provide that this is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1). Thus, the ALJ properly rejected this conclusory opinion. (Id.).

The ALJ also rejected the March, 2006 restrictions identified by Dr. Hendrickson because these were inconsistent with the physician's conservative treatment, Beghtol's daily activities and the overall record. (Id.). Instead, the ALJ based his decision upon the findings of Dr. Timothy Gregg and Dr. Sudhideb Mukherjee, the non-examining medical reviewers. (Id.). Each of the reviewers thought that the plaintiff could perform a restricted range of light level work. (Tr. 194-202, 218-226). The ALJ's rejection of the specific limitations is problematic for several reasons. The court notes that the restrictions, particularly those relating to the need to elevate the claimant's foot, are at least somewhat supported by the

9

doctor's treatment notes.  (Tr. 265-266).  The ALJ acknowledges this in his opinion, conceding the claimant's morbid obesity would impose significant restrictions.  (Tr. 23).  While the reviewers each thought that Beghtol's impairments would impose somewhat less severe physical limitations, the court observes that Dr. Gregg saw the record in July of 2005 (Tr. 201) and Dr. Mukherjee in January of 2006 (Tr. 225). Thus, neither reviewer had the opportunity to see and comment upon the specific functional restrictions issued by Dr. Hendrickson in March of 2006 (Tr. 254-258) or the doctor's treatment notes which came into the record after January of 2006.  (Tr. 259-264, 293-310).  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for their differing opinion.  Blakely v. Commissioner of Social Security, 581 F.3d 399, 409 (6th Cir. 2009).  Social Security Ruling 96-6p indicates that when the opinion is that of a treating source, the non-examiner should have seen a complete record which includes the opinion of a specialist in the area of the claimant's particular impairment.  In the current action, the non-examiners had no opportunity to see and comment upon Dr. Hendrickson's specific limitations and they certainly did not review the entire record.  Therefore, a remand of the action for further consideration is required.

Beghtol also argues that the ALJ erred by failing to properly consider whether she could meet the durational requirements for substantial gainful activity.  The

plaintiff cites the Ninth Circuit Court of Appeals case of <u>Gatliff v. Commissioner of Social Security</u>, 172 F.3d 690 (9th Cir. 1999).  However, in <u>Gatliff</u>, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  <u>Gatliff</u>, 172 F.3d at 692.  In the present action, Beghtol has not identified similar evidence suggesting that she would not be able to maintain employment. Therefore, the court must reject this argument of the plaintiff.

Since this action will be remanded for a new administrative decision, the court has no need to reach the issue concerning whether the ALJ properly considered the combined effects of all of Beghtol's impairments.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be issued simultaneously consistent with this opinion.

This the 31st day of August, 2010.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**